CAMILO ECHAVARRIA (State Bar No. 192481)
  camiloechavarria@dwt.com
MONICA RODRIGUEZ (State Bar No. 299026)
  monicarodriguez@dwt.com
MARIA ARAKELIAN (State Bar No. 327796)
  mariaarakelian@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
WELLS FARGO BANK, N.A.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACI LUPTON,<br><br>            Plaintiff,<br><br>      v.<br><br>WELLS FARGO BANK, N.A., a California Corporation; and DOES 1 through 10, inclusive,<br><br>            Defendant. | Case No. 3:26-cv-1514<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**<br><br>[Filed concurrently with Corporate Disclosure Statement, Certification of Conflicts, Interested Entities and Persons, and Citizenship, and Declaration of Camilo Echavarria]<br><br>State Action Filed: January 2, 2026 [San Francisco County Superior Court Case No. CGC-26-632551] |

NOTICE OF REMOVAL
4915-7815-2335v.1 0059561-000051

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction over Plaintiff Macy Lupton's ("Plaintiff") lawsuit under 28 U.S.C. sections 1332(a), 1441, and 1446, on the grounds that (1) Plaintiff is a citizen of a State different from Wells Fargo and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In support of such removal, Wells Fargo states as follows:

1. On January 2, 2026, Plaintiff filed a Complaint against Wells Fargo in the Superior Court of the State of California, County of San Francisco, Case No. CGC-26-632551 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**; *see also* Declaration of Camilo Echavarria ("Echavarria Decl."), ¶ 2.

2. In the Complaint, Plaintiff asserts 10 employment-related causes of action against Wells Fargo: (1) sex discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) sex harassment in violation of the FEHA; (3) disability discrimination in violation of the FEHA; (4) failure to engage in the interactive process in violation of the FEHA; (5) failure to provide reasonable accommodations in violation of the FEHA; (6) failure to provide pregnancy-related accommodations in violation of the FEHA; (7) failure to prevent discrimination and/or harassment in violation of the FEHA; (8) retaliation in violation of the FEHA; (9) whistleblowing retaliation in violation of the California Labor Code section 1102.5; and (10) constructive discharge in violation of public policy.

3. On January 22, 2026, Plaintiff served the Complaint on Wells Fargo's Registered Agent for Service. A true and correct copy of the Notice of Service of Process is attached hereto as **Exhibit B**; *see also* Echavarria Decl., ¶ 3. Accordingly, this Notice of Removal is timely filed within the 30-day period set forth in 28 U.S.C. Section 1446(b), and removal is proper. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day

1

NOTICE OF REMOVAL
4915-7815-2335v.1 0059561-000051

removal period runs from the date of service of the summons and complaint); *see also Yanik v. Countrywide Home Loans, Inc.*, No. CV 10-6268 CAS (RZx)), 2010 WL 4256312, at *3 n. 6 (C.D. Cal. Oct. 18, 2010) ("Because 30 days from July 22, 2010 falls on a weekend, defendants had until August 23, 2010 to remove.") (citing Fed. R. Civ. Proc. 6).

4.    On February 20, 2026, Wells Fargo answered the Complaint in state court. A true and correct copy of the Answer is attached hereto as **Exhibit H**; *see also* Echavarria Decl., ¶ 9.

5.    The Complaint also identifies "DOES 1 through 10" as defendants in the above action. Because "DOES 1 through 10" are fictitious and have not yet been served, their consent to joinder in removal is not required. *See* 28 U.S.C. section 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."); *see Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (defendants named in the state court action but not yet served need not be joined in the removal), *superseded by statute on other grounds*, *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925).

## DIVERSITY JURISDICTION

6.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1332(a) and is one which may be removed to this Court pursuant to 28 U.S.C. section 1441(a) in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Because the Complaint is pending in Superior Court of the State of California, County of San Francisco, removal of the Complaint to this District Court is proper pursuant to 28 U.S.C. sections 84, 1441(a), and 1446(a).

7.    **Plaintiff Is a Citizen of California:** To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *See Bank of N.Y. Mellon v. Nersesian*, No. CV 13-2604 PA (Ex), 2013 WL 8284799, at *7 (C.D. Cal. Apr. 16, 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which

NOTICE OF REMOVAL
4915-7815-2335v.1 0059561-000051

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

they intend to return. *Nersesian*, 2013 WL 8284799 at *7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Residence is *prima facie* evidence of one's domicile. *See Sadeh v. Safeco Ins. Co.*, No. CV 12-03117 SJO (PLAx), 2012 WL 10759737, at *4 (C.D. Cal. June 12, 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that she is "currently a resident of Sacramento County, California." *See* **Ex. A** [Complaint], ¶ 11. Thus, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

8. **Wells Fargo Is a Citizen of South Dakota:** Wells Fargo is not a citizen of California. Pursuant to 28 U.S.C. section 1348, Wells Fargo Bank, N.A., as a national banking association, is a citizen of the state where its main office is "located." As held by the Ninth Circuit, Wells Fargo Bank, N.A., with its main office located in Sioux Falls, South Dakota, is a citizen of South Dakota. *See Rouse v. Wachovia Mortgage, FSB,* 747 F.3d 707, 711 (9th Cir. 2014) (holding that "Wells Fargo is a citizen only of South Dakota, where its main office is located"). Accordingly, Wells Fargo Bank, N.A. is only a citizen of South Dakota and not California for diversity purposes. Thus, complete diversity exists here.

9. **Doe Defendants:** Pursuant to 28 U.S.C. section 1441(b)(1), "[i]n determining whether a civil action is removable . . . the citizenship of defendants under fictitious names shall be disregarded." Thus, the fictitious "DOES 1 through 10" in this action shall be disregarded for determining diversity jurisdiction, and there is a complete diversity between the parties for purposes of removal.

## AMOUNT IN CONTROVERSY

10. With respect to the amount in controversy, the threshold amount is satisfied in this action. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted). In addition, the Court should aggregate damages in determining whether the amount in controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465

NOTICE OF REMOVAL
4915-7815-2335v.1 0059561-000051

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

F.2d 489, 491 (9th Cir. 1972) ("[A]ggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted). The amount in controversy "reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019) (citing *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)).

11.    Additionally, Wells Fargo need only show by a preponderance of the evidence (i.e., that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). The Supreme Court has held under 28 U.S.C. section 1446(a) that a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.

12.    Here, Plaintiff's allegations and the Prayer for Relief in the Complaint confirm that Plaintiff is seeking in excess of $75,000. The Complaint prays for relief against Wells Fargo on 10 causes of action for the following damages: economic and non-economic damages, emotional distress damages, punitive damages, attorneys' fees, prejudgment interest; and post-judgment interest, and the costs of suit. *See* **Ex. A** [Complaint], Prayer for Relief.

13.    **Economic Damages:** Plaintiff seeks to recover economic damages. *See* **Ex. A** [Complaint], Prayer for Relief at 27:3. Plaintiff alleges that her employment ended on or about October 18, 2025. *See id.*, ¶ 118. At that time, Plaintiff was a part-time employee[1] earning $22 an hour. *See* Echavarria Decl., ¶ 13. Assuming approximately one year elapses before this matter proceeds to trial, Plaintiff's alleged back pay would total approximately $31,000.[2] Her wage loss to date is approximately $7,850. *See* Echavarria Decl., ¶ 13. In addition, Plaintiff may recover front pay. Courts have awarded multiple years of front pay in discrimination cases. *See, e.g.*,

---

[1] In the Complaint, Plaintiff alleges that Plaintiff worked as a part-time teller, working 20 hours per week. *See* **Ex. A** [Complaint], ¶ 22.

[2] $22 an hour x 20 hours per week x 70 weeks = $30,800.

4

NOTICE OF REMOVAL
4915-7815-2335v.1 0059561-000051

*Glenn-Davis v. City of Oakland*, No. C 02-2257 SI., 2008 WL 410239, at \*4 (N.D. Cal. Feb. 12, 2008) (concluding that three-year front pay award was reasonable to employee who experienced unlawful discrimination). Even a conservative front pay award of one additional year would add approximately $31,000. Accordingly, under a conservative estimate, Plaintiff's economic damages alone could exceed **$60,000.**

14.    **Emotional Distress Damages:** In addition, Plaintiff seeks to recover emotional distress damages. *See* **Ex. A** [Complaint], Prayer for Relief at 27:4. The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005) (emotional distress damages of at least $25,000 considered in calculating amount in controversy). For purposes of this removal, Wells Fargo will assume that Plaintiff is seeking at least **$30,000** in emotional distress damages. Such an assumption is reasonable. In *Betson v. Rite Aid Corporation*, Case No. Case No. BC427992 (Cal. Super. Ct. May 27, 2011), for example, the jury awarded the plaintiff $500,000 for past and future emotional distress resulting from a claim for harassment alone. *See* Echavarria Decl., ¶ 11, **Ex. I**. Similarly, in *Kamali v. California Department of Transportation*, Case No. BC426247 (Cal. Super. Ct. Dec. 20, 2012), the jury awarded the plaintiff $100,000 for past non-economic damages on claims for disability discrimination and harassment, failure to engage in the interactive process, and failure to provide reasonable accommodation. *See id.*, ¶ 12, **Ex. J**.

15.    **Attorneys' Fees:** The Complaint also alleges that Plaintiff is entitled to recover attorneys' fees. *See* **Ex. A** [Complaint], Prayer for Relief at 27:8-9. It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of the plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (attorneys' fees are properly included in the amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992)

5

NOTICE OF REMOVAL
4915-7815-2335v.1 0059561-000051

(holding that plaintiffs' pro rata share of statutory attorneys' fees should be included in the jurisdictional amount). Here, Plaintiff seeks attorneys' fees under the FEHA and Labor Code, which contain prevailing party attorneys' fees provisions. *See* Cal. Gov't Code § 12965(b); *see also* Cal. Labor Code § 1102.5(j). As federal courts in California have stressed, litigating employment cases "will undoubtedly require substantial effort from counsel," and "attorneys' fees in individual discrimination cases often exceed the damages." *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (2002). Thus, while Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they would greatly exceed the $75,000 threshold if calculated through trial. *See id.* at 1034 (attorneys' fees "necessarily accrue until the action is resolved"). In any event, for purposes of this removal, Wells Fargo will assume that Plaintiff's attorneys' fees, through trial, will amount to at least **$30,000**.

16.    **Punitive Damages:** The Complaint also alleges that Plaintiff is entitled to recover punitive damages. *See* **Ex. A** [Complaint], Prayer for Relief at 27:10. It is well established that punitive damages are part of the amount in controversy in civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

For purposes of this removal, Wells Fargo will assume that Plaintiff is seeking only **$30,000** in punitive damages. Such an assumption is reasonable. Indeed, in *Simmons*, the amount in controversy was satisfied when the plaintiff filed a complaint against his former employer for race discrimination and wrongful termination. *See Simmons*, 209 F. Supp. 2d at 1033. The district court explained that a potential award of punitive damages, even if unspecified in the pleadings, can establish the requisite amount in controversy. *See id.* (citing $60,000 and several multimillion punitive damages awards while noting that, "[n]otwithstanding the[] differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases").

17.    Plaintiff also seeks "such other relief and further relief as the Court deems proper." *See* **Ex. A** [Complaint], Prayer for Relief at 27:11. Although uncertain in amount, these additional damages only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for

6

NOTICE OF REMOVAL
4915-7815-2335v.1 0059561-000051

"judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she pleaded in the complaint that she did not assert a claim for damages in excess of $75,000).

18.    Thus, based on the nature of Plaintiff's allegations and the anticipated relief she will seek—including lost employment earnings, emotional distress damages, punitive damages, and attorneys' fees—it is apparent that the amount in controversy exceeds $75,000. *See, e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003) (affirmed district court determination that it was "facially apparent" that the jurisdictional amount was satisfied based on a request for compensatory damages, punitive damages, and attorney's fees); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (jurisdictional amount satisfied based on damage claims for pain and suffering and humiliation). Moreover, with claims similar to Plaintiff's in the instant action, California juries have awarded plaintiffs damages well in excess of $75,000. *See Dillon v. Burbank-Glendale-Pasadena Airport Authority*, No. BC386989, 2009 WL 1323588 (Cal. Super. Ct., April 21, 2009) (jury verdict totaling $976,962 for lost earnings, future lost earnings, and past non-economic damages); *Ismen v. Beverly Hospital*, No. BC366198, 2008 WL 4056258 (Cal. Super. Ct., August 13, 2008) (jury verdict totaling $1,180,164 for economic damages for future wage loss, emotional distress, and punitive damages); *Kolas v. Access Business Group LLC*, No. BC362432, 2008 WL 496470 (Cal. Super. Ct., January 14, 2008) (jury verdict totaling $600,000 for lost earnings, future lost earnings, and non-economic damages). Here, combining Plaintiff's anticipated claims for lost earnings, the jurisdictional minimum is easily satisfied.

19.    As there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. section 1332(a) and it is removable under 28 U.S.C. section 1441.

## MISCELLANEOUS

20.    Pursuant to 28 U.S.C. section 1446(a), the following constitutes all of the process, pleadings, or orders received or served by Wells Fargo or otherwise found in the state court file,

7

NOTICE OF REMOVAL
4915-7815-2335v.1 0059561-000051

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

and available to Wells Fargo at the time of the filing of this removal. True and correct copies are attached hereto:

| | | |
|---|---|---|
| Ex. A | Plaintiff's Complaint; |
| Ex. B | Plaintiff's Notice of Service of Process; |
| Ex. C | Summons; |
| Ex. D | Civil Case Cover Sheet; |
| Ex. E | Notice of Filing of Discrimination Complaint |
| Ex. F | Notice of Case Management Conference and Case Management Statement Form; |
| Ex. G | Voluntary Expedited Jury Trial Summary Information Sheet; and |
| Ex. H | Wells Fargo's Answer. |

*See* Echavarria Decl., ¶¶ 2-9.

21.    Concurrently with the filing of this Notice of Removal, Wells Fargo has provided a written notice of removal to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Francisco.

22.  Wells Fargo has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this Notice of Removal.

Based on the foregoing, Wells Fargo hereby removes this action from the Superior Court of the State of California, County of San Francisco, to this Court and requests that further proceedings be conducted in this Court as provided by law.

DATED: February 20, 2026                    DAVIS WRIGHT TREMAINE LLP
                                            CAMILO ECHAVARRIA
                                            MONICA RODRIGUEZ
                                            MARIA ARAKELIAN


                                            By:    */S/ Camilo Echavarria*
                                                   Camilo Echavarria
                                            Attorneys for Defendant
                                            WELLS FARGO BANK, N.A.

8

NOTICE OF REMOVAL
4915-7815-2335v.1 0059561-000051