UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACI LUPTON,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A.,<br>Defendant. | Case No. 26-cv-01514-HSG<br>**ORDER GRANTING MOTION FOR RELIEF FROM SCHEDULING ORDER AND FOR LEAVE TO AMEND**<br>Re: Dkt. No. 22 |

Pending before the Court is Plaintiff Maci Lupton's motion for relief from the scheduling order and for leave to file an amended complaint to add Manjit Khalsa as a Defendant. Dkt. No. 22. Because Ms. Khalsa's joinder would destroy complete diversity, Plaintiff also moves to remand the case to California state court. *Id.* The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

## I. BACKGROUND-

Plaintiff initially filed this employment discrimination case in San Francisco Superior Court in January 2026. *See* Dkt. No. 1-1, Ex. A ("Compl."). Plaintiff alleges that shortly after starting as a Wells Fargo teller at a new bank location, she reported activity that she suspected was either unethical or in violation of financial laws and regulations. *See id.* at ¶¶ 19–33. Rather than address this conduct, Plaintiff contends that management "began a campaign of pretextual retaliation" against her that continued through her pregnancy. *See id.* at ¶¶ 34–46, 104–114. Plaintiff was denied pregnancy-related accommodations, *see id.* at ¶¶ 47–84, including a request to work at a teller station that did not require her to bend down repeatedly to access the "Teller Cash Recycler" or "TCR," *see id.* at ¶¶ 47–51. Plaintiff alleges that one of her supervisors, Ms. Khalsa,

stated in response to Plaintiff's requests: "I don't do accommodations for pregnant people. If I did it for you, I would have to do it for everyone." *See id.* at ¶ 53. Plaintiff further alleges that when she returned from maternity leave, she was still denied reasonable accommodations, such as a proper lactation space. *See id.* at ¶¶ 88–103. Plaintiff resigned in October 2025. *See id.* at ¶¶ 117–18. Based on these allegations, Plaintiff brings several claims against Defendant Wells Fargo Bank, N.A. under the California Fair Employment and Housing Act ("FEHA"). *See id.* at ¶¶ 119–216.

Defendant removed the case to federal court based on diversity jurisdiction. *See* Dkt. No. 1. Plaintiff is a California citizen, Compl. at ¶ 11, and Defendant is a citizen of South Dakota, Dkt. No. 1 at ¶ 8. Plaintiff now moves for relief from the scheduling order and for leave to amend the complaint to add Ms. Khalsa, Plaintiff's former supervisor and a citizen of California, as a Defendant. *See* Dkt. No. 22. The parties do not appear to dispute that if the Court allows Plaintiff to add Ms. Khalsa as a Defendant the case must be remanded for lack of diversity jurisdiction. *See generally* Dkt. No. 25.

## II. LEGAL STANDARD

"Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's standards control." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quotation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, . . . [i]f th[e] party was not diligent, the inquiry should end." *Id.*

If the Court finds that good cause is shown, the moving party must then demonstrate that amendment is proper under Rule 15. *See id.* at 608. Generally, under Rule 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d

478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). When considering whether to grant leave to amend, the court considers several factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court weighs prejudice to the opposing party most heavily. *Eminence Cap.*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Additionally, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Court has discretion to grant or deny joinder under such circumstances. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In determining whether to permit joinder of non-diverse defendants, courts generally consider whether: (1) the new defendants are needed for just adjudication and would be joined as necessary parties under Fed. R. Civ. P. 19(a); (2) the statute of limitations would preclude an action against the new defendants in state court; (3) there has been unexplained delay in requesting joinder; (4) joinder is intended solely to defeat federal jurisdiction; (5) the claims against the new defendants appear valid; and (6) denial of joinder would prejudice the plaintiff. *See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2010) (collecting cases). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Yang v. Swissport USA, Inc.*, No. C 09–03823 SI, 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010).

## III. DISCUSSION

Defendant removed this case to federal court in February 2026. Dkt. No. 1. The Court issued a scheduling order in May 2026, setting July 24, 2026, as the deadline to amend pleadings and join parties. *See* Dkt. No. 19. Approximately two months after this deadline, on September 15, 2026, Plaintiff moved for relief from the scheduling order and for leave to amend the

complaint to add Ms. Khalsa as a Defendant. Dkt. No. 22.

Plaintiff contends that there is good cause under Rule 16 to amend the scheduling order and allow Plaintiff to join Ms. Khalsa because Plaintiff engaged in necessary discovery before seeking leave to amend. *See* Dkt. No. 22 at 1–3; Dkt. No. 26 at 3–6. Specifically, Plaintiff contends that she was diligent in seeking discovery because her counsel emailed defense counsel in early July requesting deposition dates, including a date for Ms. Khalsa. *See* Dkt. No. 26 at 3. Ms. Khalsa, however, was not available until September 1. *Id.* Following Ms. Khalsa's deposition and review of the rough transcript, Plaintiff determined that Ms. Khalsa should be added as a party and filed the instant motion. *See id.* Specifically, Plaintiff states that discovery identified Ms. Khalsa "as the harasser." *See* Dkt. No. 22-3 ("Phillips Decl.") at ¶ 7. And in an August deposition, Carmen Abdullah from Wells Fargo's Accommodations Department stated that she noticed some "reluctance" or "pushback" from Ms. Khalsa in accommodating Plaintiff's pregnancy. *See* Dkt. No. 22-5, Ex. 2 (Carmen Abdullah deposition excerpts).

The Court recognizes—as Defendant points out—that much of Ms. Khalsa's conduct was alleged in the original complaint filed in January 2026. *See* Dkt. No. 25 at 2–3; *see also* Compl. at ¶¶ 47–60. Nevertheless, the Court accepts Plaintiff's explanation that the significance of Ms. Khalsa's role in Plaintiff's discrimination and mistreatment was not fully understood until after Ms. Khalsa's and Ms. Abdullah's depositions. Plaintiff thus was sufficiently diligent in pursuing amendment following these depositions. Under the circumstances, the Court finds that Plaintiff has established good cause to amend the complaint. Moreover, the Court finds that there is no evidence that Defendant would be prejudiced by the amendment or resulting remand since the case remains in its early stages. Defendant urges that Plaintiff's only motive for seeking leave to amend is to defeat diversity jurisdiction because Ms. Khalsa could have been added sooner. *See* Dkt. No. 25 at 8–9. But Plaintiff's motives are at best ambiguous, and Defendant does not challenge the facial viability of the claims against Ms. Khalsa. And there is no good reason to require two separate parallel actions against Wells Fargo (in federal court) and Ms. Khalsa (in state court) where the critical facts to be determined substantially if not entirely overlap. In short, having considered the applicable factors, the Court finds that permitting leave to amend here, even

United States District Court
Northern District of California

when it would destroy subject matter jurisdiction, is appropriate.

## IV. CONCLUSION

The Court **GRANTS** the motion for relief from the scheduling order and for leave to amend the complaint. Dkt. No. 22. The Court deems the amended complaint filed. Dkt. No. 22-7, Ex. 4. Having granted the motion for leave to amend the complaint, there is no longer complete diversity of citizenship, and the Court lacks subject matter jurisdiction. The Court therefore **REMANDS** the case to San Francisco County Superior Court.[1] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Clerk is directed to remand the case to San Francisco County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated:November 17, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

[1] In light of this remand, the Court does not consider the parties' joint discovery letter brief. Dkt. No. 29.